

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| BRETT-ANDREW: HOUSE OF NELSON §<br>§<br>Petitioner, §<br>vs. §<br>§<br>§<br>§<br>ASHLEY MORGAN §<br>BURGEMEISTER, LORI BETH §<br>TALBOT, KERI ANN YODER, and §<br>DONALD CORWIN JACKSON, §<br>Respondents. § | CIVIL ACTION 1:21-1292-MGL-SVH |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PETITIONER'S PETITION WITH PREJUDICE**

Petitioner Brett-Andrew: House of Nelson filed a petition to confirm an arbitration award against the above-named Respondents. He is representing himself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Petitioner's petition be dismissed with prejudice and that his motion to amend be deemed as moot. She further recommends that, in the event Petitioner files another such case in this court, sanctions be entered against him. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 11, 2021, and Petitioner filed what the Court has construed as his objections on May 12, 2021. The Court has carefully reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Much of Petitioner's objections concerns the Magistrate Judge's alleged lack of authority to issue a Report in this matter. Petitioner insists that, because his petition is not a pre-trial matter, the Magistrate Judge lacks jurisdiction to file her Report. Petitioner misapprehends the law.

According to 28 U.S.C. § 636(b)(3), "[a] [M]agistrate [J]udge may be assigned such . . . duties as are not inconsistent with the Constitution and laws of the United States." The assignment to the Magistrate Judge's for the issuance of the Report in this matter is "not inconsistent with the Constitution and laws of the United States." *Id*. Therefore, the Court will overrule these objections.

The rest of Petitioner's objections are so lacking in merit as not to require any discussion. Nevertheless, in an abundance of caution, the Court has made a de novo review of the entire record in this case. But, because the Court agrees with the comprehensive and well-reasoned Report, it need not repeat here what the Magistrate Judge has already written there. Suffice it to say Petitioner's filing is frivolous. Therefore, the Court will overrule his objections.

Concerning the Magistrate Judge's suggestion that the Court impose sanctions on Petitioner if he files any other cases such as this: going forward, in any other cases Petitioner might file with this Court, it will entertain any specific recommendation regarding sanctions the Magistrate Judge decides to make to the Court.

Given Petitioner's history, as detailed in the Report, if Petitioner wishes to make any other factual arguments to this Court in this case or any others, those submissions should be signed and certified under penalty of perjury that the factual statements are true.

"By order issued on April 30, 2021, [the Magistrate Judge] gave Petitioner an opportunity to show cause why this case should not be dismissed for his failure to provide a copy of a valid contract containing an arbitration clause and proof that Respondents were served with all process." Report at 11. "As discussed [in the Repot], Petitioner has failed to comply with the [C]ourt's show cause order or otherwise indicate that the instant action is not frivolous." *Id*. "Accordingly, the [Magistrate Judge] recommends the district court dismiss this action with prejudice[.]" *Id.*

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report to the extent it does not contradict this Order, and incorporates it herein.  Therefore, it is the judgment of the Court Petitioner's petition is **DISMISSED WITH PREJUDICE** because of Petitioner's failure to comply with the Magistrate Judge's order and for the frivolousness of his petition.  Furthermore, Petitioner's motions to amend and to strike are **DEEMED AS MOOT**

Even if the Court granted Petitioner's motion to amend, however, it would dismiss the amended petition with prejudice based on Petitioner's failure to comply with the Magistrate Judge's order and for the frivolousness of his amended petition.

**IT IS SO ORDERED**.

Signed this 25th day of January, 2022, in Columbia, South Carolina.

                                                s/ Mary Geiger Lewis
                                                MARY GEIGER LEWIS
                                                UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.